F. M. SWARENS *et ux.* v. B. L. SWARENS.

No. 16,019.   (97 Pac. 968.)

*In re* OPAL SWARENS, *Petitioner.*

No. 15,981.

PARENT AND CHILD—*Custody and Control of Child.* After the death of a child's mother its father placed it in the home of its grandparents, where it remained for several years. Subsequently the father remarried and established a suitable home. It was held that the father was entitled to the custody of the child, although his home might not in all respects be as desirable as that of the grandparents.

Error from Reno district court; PETER J. GALLE, judge. Opinion filed October 10, 1908. Judgment affirmed in No. 16,019, and application for temporary custody of child denied in No. 15,981.

*George A. Vandeveer,* and *F. L. Martin,* for plaintiffs in error, and Opal Swarens.

*F. F. Prigg,* and *C. M. Williams,* for defendant in error.

*Per Curiam:* This controversy arises over the custody of a child. B. L. Swarens, while residing in Oklahoma, lost his wife. She left an infant daughter, about one year of age, whose name is Opal and who is the child in controversy. The father of Opal, B. L. Swarens, took the child to his parents, at Nickerson, Kan., and left her with them. The child is now about eight years of age, a bright, beautiful girl. The child's father remarried about five years after the death of the mother of Opal. For over three years before the commencement of this action he had an established home with his present wife, on a farm near Nickerson, and is financially in comfortable circumstances. He has no child other than Opal. He and his present wife demanded the custody of the child, but the grand-

parents, plaintiffs in error in case No. 16,019, refused to surrender her to them.

On March 23, 1908, the father commenced this action of *habeas corpus* to recover the custody of his child. The action was begun in the probate court of Reno county. That court awarded the child to her father, who took immediate possession under such order. The grandparents prosecuted error to the district court, where the judgment of the probate court was affirmed. The case was then brought to this court by petition in error. Pending this proceeding, an application was made to this court in the name of Opal Swarens, asking that she be returned to the custody of her grandparents until the final determination of the controversy. This application was denied, and by agreement both cases were assigned for hearing together. They have been so submitted, and will be so considered.

From the evidence it appears that the father of Opal is a well-to-do farmer; he is an educated man, and has no immoral habits. His present wife is also well educated, and of good character. They have no children, and both desire Opal to live with them. Opal has lived with her grandparents since she was one year old, and has become very much attached to them. They are also very much attached to her. The father has not been especially devoted to his daughter. His conduct toward her has been as though he anticipated a family from his second marriage, and felt that in such event he might deem it best to leave Opal with her grandparents indefinitely, and in that case it would be best for her if their relations were not too close and affectionate; but, having been disappointed in this expectation, he now desires to have her with him. This may not be the true explanation of his conduct, but, whether it is or not, his apparent want of demonstrative affection does not affect his rights as parent. There is no

reason to doubt that the child would have a good home and be well cared for at either place.

As a mere question of sentiment, it may seem hard to sever the ties of affection which have grown up between the child and her grandparents and place her with a stepmother who is a comparative stranger to her; but courts can not be guided by such considerations. The law regards the father, where, as in this case, the mother is not living, as the rightful custodian of his child as against the claims of all others. This right might, of course, be forfeited by conduct of the father showing him to be manifestly unfit to have the custody and care of his child. Courts, in the interest of minor children, may take them from their parents and place them elsewhere, even in the custody of strangers; but in the exercise of this extraordinary power the rights of the parent must be recognized and protected. It can not be assumed, without clear and satisfactory proof, that a father is destitute of ordinary parental affection and wholly indifferent to the welfare of his only child. There is nothing in the evidence presented here which indicates that Opal will not receive advantages in her father's home equal to or better than those enjoyed by children generally. The home furnished by her grandparents is in every way desirable, and in some respects, perhaps, better than can now be given by her father; but what the future may have in store for her at either place we can not know. A child may not be taken from its parent merely because a home superior in some particulars is offered to it by another.

It has not been shown here that the moral or physical welfare of this child will be injured by remaining with her father, and we therefore affirm the judgment of the district court and deny the application made in the name of Opal Swarens.