*In re* J. W. HOLLINGER, *Petitioner,* v. HELEN ELDREDGE, *Respondent.*

No. 18,440.

SYLLABUS BY THE COURT.

1. PARENT AND CHILD—*Parent Entitled to Custody as Matter of Right.* A parent who is a suitable person for the purpose is entitled to the custody of a child as a matter of right as against any one not its parent, irrespective of the question whether it might be better provided for by some one else who is willing to assume the obligation.

2. —— *Upon Death of One Parent—Custody of Child Accrues to the Other.* Upon the death of a parent, to whom upon the granting of a divorce the custody of a child has been awarded, the right to its custody accrues to the other parent, if a suitable person for that purpose.

Original proceeding in habeas corpus.   Opinion filed June 7, 1913.   Writ allowed.

*J. S. Ensminger,* of Topeka, for the petitioner.
*J. A. Burnette,* of Caldwell, for the respondent.

The opinion of the court was delivered by

MASON, J.:   J. W. Hollinger and Mary Hollinger, his wife, were divorced.   The custody of their only child, a son named Neill, was given to the mother.   The mother died in August, 1912, and since that time the child, now seven years of age, has been cared for by Helen Eldredge, his mother's foster mother, in whose charge she had placed him.   The father now asks that he be given the custody of his son.   An answer to his application has been filed, in which it is asked that the present custody be continued.   In this answer allegations are made to the effect that the petitioner is not a proper person to have the care of the child.   Evidence has been taken in his behalf which abundantly disproves this contention, and no evidence to the contrary has been offered.   The father has remarried, is in prosperous circumstances, and he and his present wife, who has a son of her own, eight years old, express the strongest desire that Neill shall become a part of their family.   In this situation the duty of the court is clear. The right of a parent to the custody of his child will often yield to considerations of its welfare.   But special circumstances must exist in order to open the way to an inquiry in that regard.   A court may not assume to disturb normal family relations merely upon a belief that it can thereby improve existing conditions.   The language used in *Swarens v. Swarens*, 78 Kan. 682, 97 Pac. 968, is pertinent here:

"As a mere question of sentiment, it may seem hard to sever the ties of affection which have grown up between the child and her grandparents and place her with a stepmother who is a comparative stranger to her; but courts can not be guided by such considerations.   The law regards the father, where, as in this case, the mother is not living, as the rightful custodian of his child as against the claims of all others. This right might, of course, be forfeited by conduct of the father showing him to be manifestly unfit to have the custody and care of his child.   Courts, in the in-

*In re* Hollinger.

terest of minor children, may take them from their parents and place them elsewhere, even in the custody of strangers; but in the exercise of this extraordinary power the rights of the parent must be recognized and protected.  .  .  .   A child may not be taken from its parent merely because a home superior in some particulars is offered by another." (p. 684.)

The natural rights of the father were not completely annulled by the order in the divorce proceeding awarding the custody of the child to the mother; they were suspended for the time being, but they were revived in full force by the mother's death. (Note, 20 L. R. A., n. s., 171; *Ex parte Barnes,* 54 Ore. 548, 104 Pac. 296, 25 L. R. A., n. s., 172; see, also, Note, 41 L. R. A., n. s., 564, 568.)

The desire of the mother's foster parent to retain the companionship of the child is natural and commendable. The unsupported allegations of her answer, reflecting upon the father, appear to be the result of feeling engendered by the unhappy marriage. The writ asked for must be allowed, but no costs will be taxed to the respondent. The care she has already bestowed upon the child and the expenditure she has made in his behalf give her no claim that can affect his custody, except so far as they may appeal to the consideration of the petitioner.