No. 19,620.

VIOLA BUCHANAN, *Appellee*, V. TRACY J. BUCHANAN, and WILLIAM SCHOOLEY, Intervenor, *Appellants*.

SYLLABUS BY THE COURT.

1. PARENT AND CHILD—*Divorce—Custody of Minors—Circumstances to be Considered.* While the welfare of a child is the paramount consideration in awarding his custody, yet in determining that welfare regard must be had to a parent's devotion and care, as well as to the advantages that may reasonably be anticipated from a better-furnished home and greater pecuniary means offered by another.

2. SAME. While it is true that if the welfare of the child requires it, even a mother must sometimes yield his custody to a stranger, this will not be compelled merely upon proof that thereby better material advantages would probably be secured to the child.

Appeal from Kingman district court; PRESTON B. GILLETT, judge. Opinion filed December 12, 1914. Affirmed.

*Charles C. Calkin,* of Kingman, for the appellants.

*H. E. Walter,* of Kingman, for the appellee.

The opinion of the court was delivered by

BENSON, J.: The question to be decided is whether a judgment awarding the custody of a boy to his mother shall be disturbed.

The parents have been married for ten years. The son, Vernice, is between four and five years old. Another son is of the age of eight years. The father and mother have not lived happily together for the last five years. In a suit for divorce the father withdrew his answer, the cause was tried, and a judgment for divorce was rendered against him for his fault. The custody of the older child was awarded to the mother, but Vernice was, on the application of William Schooley, given to him. Mr. Schooley is the husband of the defendant's sister. The next day after the trial the

mother moved for a modification of the order so as to give her the custody of Vernice. The defendant and William Schooley, as intervenor, opposing this motion, asked leave to introduce additional evidence, which was refused. After hearing arguments based on the evidence given at the trial, findings of fact and conclusions of law were made and the custody of the child Vernice was awarded to the mother. Motions to set aside this order were filed by the defendant and Schooley, but were withdrawn, and the case is presented here upon the findings of the district court. As the evidence is not presented here the question for consideration is whether the findings support the conclusions and judgment.

In the first decree the mother was found to be a suitable person to have the custody of her children, and the father was found to be an unfit person to have such custody. It was further found that it was for the best interests of Vernice that he be placed in the custody of William Schooley. In the second decree the court made extended findings. The substance of these findings is that the mother is an industrious woman, bright, fairly well educated, and quite independent. She has shown great regard for her child, apparently actuated by sincere mother love. At present she is living with her parents, a good, well-established family of Kingman county. While the mother has little or no means, the district court believes that she will be able to properly care for and support her two minor children. The child Vernice was at the time of the trial in the Schooley family. He has lived in that family half his lifetime. Mr. Schooley is an exemplary person, of good family, and well fitted to have the custody of such a child. He is the owner of a good farm and is in easy circumstances. The child is well cared for in his household, physically, mentally and morally. Mrs. Buchanan's mother is suffering from tuberculosis and will probably not long survive. While Mrs. Buchanan and the older child have been at this mother's home

for some time, every precaution within the means of the family has been taken to prevent members of the household from exposure to the disease. The court made the following conclusion:

"While the court is of the opinion that the best interest of the child would be subserved if the same was left in the custody, care and control of William Schooley yet it can not be said that the mother, Viola Buchanan, is not a suitable person to have the care, custody and control of the said child, and while the child would have a better home, be better cared for, educated and would probably have better prospects of an inheritance, yet, under these circumstances, and as a matter of law, the court concludes that the mother, she being a woman of good moral character, and guilty of no fault or wrong and that she will probably be able to care for and raise the said child, is entitled to the care, custody and control of it as against the said William Schooley, even though the said William Schooley would furnish it a better home, education future prospects and right of inheritance and therefore and for that reason the former judgment of April 10th, 1914, is changed and modified to the extent of awarding the care and custody of the said child to its mother, Viola Buchanan."

No objection was made to the order giving the custody of the older boy to his mother, although it is urged that the custody of the younger one should be withheld from her especially because of exposure to disease in the home of the grandmother. Whatever may be the risk of this exposure it would seem to be common to both of the children. In the absence of the evidence it must be presumed that the district court found that their health would be properly safeguarded.

Both parties rely upon the decisions of this court to sustain their contentions. It is insisted by the defendant that the district court found that the best interests of the child would be subserved by giving the custody to Mr. Schooley, and that in such a situation there is no rule of law that would give the custody to the mother, although in every respect a suitable person. On the other hand, the plaintiff insists that she should not be

deprived of the custody of her child of tender years, when guilty of no misconduct and able to care for him, merely because another person can give him better material advantages. It has repeatedly been held that the welfare of the child is the paramount consideration. In determining that welfare, however, regard must be had to a mother's affection, devotion and care in all the trying vicissitudes of the life of a child, as well as the advantages that may reasonably be anticipated from a better-furnised home and greater pecuniary advantages offered by another.

No greater responsibility rests upon a court than the disposition of the custody of a child. The probabilities affecting his highest welfare must be carefully considered and determined. While it is true that if the welfare of the child requires it even a mother must sometimes yield his custody to a stranger, this will not be compelled merely upon proof that thereby better material advantages would probably be secured to him. Mother love and care may far outweigh financial means and prospects. Welfare can not be measured alone by pecuniary benefits. Common experience and observation alike teach that property is not always the best heritage. This little boy will lose much by the disruption of the family and the deprivation of a father's counsel and care. To these great losses the court will not add separation from a mother's companionship and care merely because a more prosperous home with better financial resources is open to him. It was said in *Chapsky v. Wood*, 26 Kan. 650:

"In other words, they [the courts] will consider that the law of nature, which declares the strength of a father's love, is more to be considered than any mere speculation whatever as to the advantages which possible wealth and social position might otherwise bestow." (p. 653.)

In the same opinion it was said:

"Above all things, the paramount consideration is, what will promote the welfare of the child?" (p. 654.)

These principles have not been departed from in the opinions written since. This court has never placed the claim of either parent to the custody of a child upon a strict legal right, but the ties of nature have been given proper weight in determining the paramount consideration of his welfare. (*In re Bullen, Petitioner, &c.,* 28 Kan. 781; *Swarens v. Swarens,* 78 Kan. 682, 97 Pac. 968; *In re Hickey,* 85 Kan. 556, 118 Pac. 56; *In re Hollinger,* 90 Kan. 77, 132 Pac. 1181; *Pinney v. Sulzen,* 91 Kan. 407, 137 Pac. 987.) As we interpret the decision, the district court properly applied the principles to which we have referred to the situation disclosed by the findings.

Complaint is made of the denial of the application for leave to offer additional evidence on the hearing of the plaintiff's motion to modify the decree by awarding to her the custody of Vernice. The motion for modification was made the day after the trial, and the hearing may be treated as a part of the trial since the custody of the child was one of the issues. No showing of accident or surprise was made in support of the application. Its refusal was within the discretion of the court.

The judgment is affirmed.