No. 22,389.

In the Matter of the Adoption of WILLIAM ROBERT CREWS (CHARLES E. CREWS, *Appellee*, v. NELLIE J. SHELDON, *Appellant*).

### SYLLABUS BY THE COURT.

1. TRIAL—*Issues of Fact—Findings and Judgment Conclusive.* Rule followed that the findings and judgment of a trial court on an issue of fact, supported by substantial though controverted evidence, cannot be disturbed on appeal.

2. PARENT AND CHILD—*Custody of Child Awarded to Surviving Parent.* Rule followed that where a divorced parent has been awarded the custody of a child and such parent dies, the custody of the child passes to the other parent when the latter is a fit person to be intrusted with the care and nurture of such child.

3. SAME—*Custody of Minor Child—Evidence.* In determining the fitness of a father to have the custody of his infant son, no error occurred in excluding from consideration as evidence the allegations of the mother's petition in which she sought a divorce from her husband, who was the father of the child.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed March 6, 1920. Affirmed.

*John Hartzler,* of Goodland, and *E. E. Kite,* of St. Francis, for the appellant.

*E. F. Murphy,* of Goodland, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment awarding to a father the custody of his child. Three or four years ago the father and mother were divorced, and the custody of the child was then given to the mother, with the qualifying provision that the father should have custody of it "away from the plaintiff [mother] and her family for a period of six weeks during each and every year . . . until such child arrived at the age of twenty-one years."

On January 23, 1919, the divorced mother died. Three days later her father obtained the guardianship of the child, and four days later he relinquished his right as guardian to his wife (the child's grandmother), and she adopted it with the sanction and approval of the probate court.

Crews v. Sheldon.

Upon being advised of these hasty proceedings, the father promptly instituted an appeal to the district court. The cause was tried, witnesses *pro* and *con* were heard at length, and the trial court found—

"That the said Charles E. Crews is the father of the said William Robert Crews, and is a man of good moral character, and a fit person in all respects to have the care, custody and control of his said son, William Robert Crews, and financially able to properly care for the said son."

Pursuant to this finding the trial court set aside the adoption of the child by its grandmother, and awarded the custody of it to its father.

The grandmother appeals.

This case is foreclosed by the findings of the trial court. These findings were supported by evidence, not by all of the evidence, but by sufficient evidence, and that ends this controversy so far as the facts are concerned. (*Mueller v. Campbell,* 95 Kan. 420, 148 Pac. 737; *Bruington v. Wagoner,* 100 Kan. 439, 164 Pac. 1057.)

Since the trial court found that the father was a fit person in all respects to have the custody of his infant son, and the mother was dead, the law of the land accords with the law of nature, and there is no just law under the sun which would deny him that custody, no matter how reluctantly an affectionate grandparent may yield thereto. (*In re Hollinger,* 90 Kan. 77, 132 Pac. 1181; *Pinney v. Sulzen,* 91 Kan. 407, 137 Pac. 987; *Purdy v. Ernst,* 93 Kan. 157, 143 Pac. 429; *Buchanan v. Buchanan,* 93 Kan. 613, 144 Pac. 840; *In re Zeigler, Petitioner,* 103 Kan. 901, 176 Pac. 974.)

Nor can this judgment be disturbed because the trial court excluded from its consideration the allegations recited in the dead mother's petition for a divorce. That divorce was granted on the grounds of "desertion and nonsupport," and it must be concluded that however startling the allegations of the petition may have been, nothing could have been disclosed in the divorce trial which showed that the defendant father was an unfit person to have any custody of his child. Indeed, the mother and father appear to have amicably stipulated that the custody of the child should be given to the father exclusively "and away from the plaintiff and her family" for six weeks each year—

"One week during the Christmas holidays commencing on the 24th day of December, 1916, and ending on December 31st, 1916, and for the same time each year thereafter. Two weeks in the month of June, each and every year, commencing on the 15th day of June of each year hereafter and extending to the 1st day of July each year hereafter and also for the period of time commencing on the 10th day of August each year hereafter and extending to the 1st day of September of each of said years until such minor child shall have reached his majority."

However strongly the child's grandmother may feel about the unfitness of her former son-in-law to have the custody of her grandchild—and the court can appreciate her affection and natural solicitude for the youngster—his own mother did not feel so keenly about any supposed perils of intrusting him to his father, at least for a few weeks each year. Now that the mother is dead, it is no unusual conclusion that the trial court reached when it decreed that the lad should be given to his father and natural guardian.

The record discloses no error which would justify our interference, and the judgment is therefore affirmed.