No. 30,504.

H. A. ANDREWS, *Petitioner,* v. WILLIAM LANDON and TENA LANDON, *Respondents.*

(7 P. 2d 91.)

Opinion filed January 30, 1932.

*C. A. Smart,* of Lawrence, for the petitioner.

*J. B. Wilson,* of Lawrence, for the respondents.

The opinion of the court was delivered by

BURCH, J.: The proceeding is one of habeas corpus, commenced originally in this court by a father to obtain custody of his child from its maternal grandparents. The testimony was taken by affidavits, which have been duly abstracted. Briefs were duly filed, and the cause has been orally argued.

It is not necessary to review the evidence in detail, and the law applicable to the controversy is well settled. The case is of the familiar type. The child's mother died when the child was three years old. The father was not so situated that he could care for the child, and it was left with its mother's parents. The father would send money with which to purchase clothing, he paid some doctor bills, and as soon as he became financially able to do so, he paid the respondents, with reasonable regularity, substantial sums of money for the child's maintenance. The father remarried. Later he established a permanent home, which his previous employment as traveling auditor in the department of Indian affairs had not per-

mitted him to enjoy. Then he desired to have the custody of his child and the inevitable occurred. The grandparents had had the boy so long and had become so much attached to him they refused to give him up.

The contentions of respondents are summarized in their brief as follows:

"1. The welfare and best interests of the boy demand that he be left with the respondents.

"2. The petitioner's unfitness precludes his gaining custody of the boy.

"3. The abandonment of the boy to his grandparents by the petitioner and his leaving him there for a period of ten years prevents the petitioner from now asserting any legal right he may have had to the custody of the boy.

"4. The petitioner surrendered and relinquished the boy to the respondents in July, 1924, and permitted that surrender and relinquishment to stand in force until September, 1931, giving no indication of any change of his attitude, and hence he cannot now be permitted to demand a change of the boy's custody.

"5. The boy himself, approximately fourteen years of age, in full possession of all the mental powers and development of the average boy of that age, pleads with the court to permit him to stay with his grandparents, and this in itself is conclusive in favor of the respondents."

These propositions will be responded to very briefly:

(1) The court finds as a matter of fact, and holds as a matter of law, that the welfare and best interests of the child require he should be reared by his father, unless the father is unfitted to exercise the privilege and discharge the duties of parenthood. (2) The evidence establishes to the court's entire satisfaction that plaintiff is a fit person to rear his boy, and the court so finds. (3 and 4) The court finds plaintiff did not abandon his boy to respondents, or surrender or relinquish the boy to respondents. After the boy had been with respondents some six years, and just after plaintiff's marriage to his present wife, plaintiff wrote a letter to respondents in which he said he would not take the child from respondents as long as they were able to care for him. But children are no more disposed of by simple declaration than they are by formal contract. There is just one way in which a fit parent may estop himself from reclaiming a child left or placed in the custody of another, and that way is by consent to legal adoption. (5) A letter to the court from the boy Wayne (born February 16, 1918) follows the asseveration contained in paragraph 5. It is sufficient to quote the beginning of the letter:

"I, Wayne Leo Andrews, this affiant, do hereby say further to this court that I believe I know what is best for me . . ."

That is just the trouble with overindulged youth of to-day. There is testimony that Wayne manifests the same attitude toward his aging grandparents.

Wayne's letter is a remarkable letter in form and content, choice of phraseology, and use of telling superlatives. Counsel for respondents says counsel for plaintiff dictated some of the literary masterpieces having the form of affidavits offered in behalf of plaintiff. In this connection the court must say that for facility and felicity of expression, whether in dealing bludgeon blows or rapier thrusts, and for sentimental appeal and dramatic force, there is nothing in the evidence which surpasses the affidavit of Grandma Landon.

The court finds for plaintiff, and the judgment is that custody of the child be surrendered by respondents to the plaintiff.