LINCOLN C. OSTERHOUT, Plaintiff, *v.* CONSTANCE M. OSTERHOUT, Defendant.*

Supreme Court, Special Term, Otsego County, May 4, 1945.

* See appearances for correct spelling of family name.— [REP.

*Tennant & Tennant* for Maurice Osterhoudt and another, petitioners.

*O. L. Van Horne,* guardian ad litem for defendant Constance M. Osterhoudt, sued as Constance M. Ousterhout, and attorney for Bertha R. Carey.

O'CONNOR, J. This is an application by Maurice Osterhoudt and Catherine Osterhoudt, his wife, for the modification of the decree of divorce granted in the above-entitled action on August 13, 1943, which, under an agreement and with the consent of the above-named plaintiff and defendant, directed that the care, custody and control of Timothy Ross Osterhoudt, infant son of the parties to this action, be awarded to Bertha R. Carey and that the defendant should be allowed to visit said Timothy Ross Osterhoudt at such times and places as might be convenient to the said Bertha R. Carey.

Maurice Osterhoudt and Catherine Osterhoudt, the petitioners, are the grandparents of said Timothy Ross Osterhoudt. At the time said decree was granted the plaintiff, Lincoln C. Osterhoudt, was employed by Remington Arms at Ilion, New York. He was subsequently inducted in the army and was killed in action while serving in the military forces of the United States in Holland on September 28, 1944.

The motion must be denied. Section 1170 of the Civil Practice Act provides: " The court, by order, upon the application of

either party to the action, or any other person or party having the care, custody and control of said child or children pursuant to said final judgment or order, after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment, may annul, vary or modify such direction * * *."

The petitioners, as stated above, are the grandparents of Timothy Ross Osterhoudt, are not parties to the action, and are not persons or parties having the care, custody and control of the said Timothy Ross Osterhoudt. Therefore, they have no right to make this application.

The court has no inherent authority to modify its final judgment in this action. Any right it has to do so must be given it by the Legislature. (*Kamp* v. *Kamp*, 59 N. Y. 212; *Goodsell* v. *Goodsell*, 82 App. Div. 65; *Rice* v. *Andrews*, 127 Misc. 826.)

Furthermore, a divorce decree cannot be amended even by the court, which would otherwise have jurisdiction so to do, after the death of one of the parties. (*Rice* v. *Andrews*, 127 Misc. 826, 831, *supra; Matter of Altmann*, 149 Misc. 115, 119.)

The court cannot consider equities. A special term for motions has no general equity jurisdiction. (*Barrett* v. *Barrett*, 221 App. Div. 710.)

The motion is denied, with $10 costs.