No. 36,767
HAROLD E. MAY, *Appellant,* v. ANNA F. MAY (now deceased),
SYLVIA TENPENNY, *Appellee.*

(176 P. 2d 533)

Opinion filed
January 25, 1947.

*John B. Pierson,* of Ottawa, argued the cause and was on the briefs for
the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

THIELE, J.: This appeal involves the custody of a child and arose
out of the following facts.

Harold E. May brought an action in the district court of Jef-
ferson county for a divorce from Anna F. May. The action was
tried, and on February 5, 1945, that court rendered its judgment
and awarded to Anna F. May the custody of their two minor chil-
dren, Dorothy Lorraine and Robert Ken.

Anna F. May died on May 19, 1946, and on May 31, 1946, Harold
E. May filed his motion in the above-mentioned action setting forth
the death of Anna F. May and that he was the surviving parent
and entitled to the care and custody of the above named children,
and that he was able to provide a good home for them and would
care for them properly, and he prayed that the order of February
5, 1945, be modified and the care and custody of the children be
awarded to him.

On June 3, 1946, Sylvia Tenpenny filed an unverified motion in
the same action, setting forth that she was a sister of Anna F. May;
that the children were in the legal custody of their mother at the
time of her death; that it was for the best interests of the children
that they remain in the home they had been occuping in Perry,
Kan.; that Dorothy Lorraine May was seventeen years of age and
capable of taking care of the home; that it was the desire of the

children that they be permitted to remain in the home in Perry and that petitioner was willing "to accept charge of said children, and is willing that their care and custody be given to her." She prayed for such an order and further that Harold .E. May be ordered to pay her attorney's fees and an allowance for the children.

·The court heard some evidence and, as disclosed by its journal entry of judgment, found that Anna F. May died May 19, 1946, and at that time was, in accordance with the decree of February 5, 1945, in custody of the two minor children; that Harold E. May was the surviving parent; that he was not an unfit person to have the custody of Robert Ken May; that Sylvia Tenpenny should be awarded the custody of Dorothy Lorraine May; Harold E. May should pay to the clerk of the court the sum of $30 per month for the support of Dorothy Lorraine May, and judgment was entered accordingly.

From that judgment Harold E. May appealed to this court, specifying error in the refusal of the trial court to award custody of Dorothy Lorraine May to him.

We shall not review the evidence. We do note that assuming Sylvia Tenpenny had any right to file any motion in the action, there was no allegation in her motion that Harold E. May was not a fit and proper person to have the care and custody of his children, nor any direct allegation that their best interests would not be served were they under his care and custody. Neither was .there any evidence that Harold E. May was not a fit and proper person to have the care and custody of the children. We note also that the court found him to be a fit and proper person to have the care and custody of Robert Ken May, and awarded him such custody, but without any finding whatever as to the child's best interest demanding it, awarded the custody of Dorothy Lorraine May to Sylvia Tenpenny.

Many cases have been decided in this court involving various questions of the right of custody of a minor child, and in many of the decisions may be found statements of· rules applicable to particular situations. We shall make no general review of those decisions. In *In re Hollinger*, 90 Kan. 77, 132 Pac. 1181, we considered a case where the facts were essentially like those in the case at bar, and it was there held:

"Upon the death of a parent, to whom upon the granting of a divorce the custody of a child has been awarded, the right to its custody accrues to the other parent, if a suitable person for that purpose." (Syl. ¶ 2.)

The precise question presented in this appeal was before this court in *Crews v. Sheldon,* 106 Kan. 438, 186 Pac. 498, where it was said:

"Since the trial court found that the father was a fit person in all respects to have the custody of his infant son, and the mother was dead, the law of the land accords with the law of nature, and there is no just law under the sun which would deny him that custody, no matter how reluctantly an affectionate grandparent may yield thereto." (Citing cases.) (l. c. 439.)

And where it was held:

"Rule followed that where a divorced parent has been awarded the custody of a child and such parent dies, the custody of the child passes to the other parent when the latter is a fit person to be entrusted with the care and nurture of such child." (Syl. ¶ 2.)

In *Denton v. James,* 107 Kan. 729, 193 Pac. 307, it was held:

"By statute the father and mother are natural guardians of their child. If one die, natural guardianship devolves on the other. The other then has the right to custody of the child, and the welfare of the child is best subserved by leaving it with its natural guardian until it is demonstrated that the parent is unfit to discharge the duties which are correlative to his right." (Syl. ¶ 2.)

In *Jones v. Jones,* 155 Kan. 213, 124 P. 2d 457, the factual situation was somewhat different than in the one now before us, but the case is analogous to this one. The rule which is applicable here is there stated as follows:

"It is firmly established by repeated decisions of this court that a parent who is able to care for a child and desires to do so, and who has not been found to be an unfit person to have the custody of the child, in an action or proceeding where that question is in issue and upon competent evidence, is entitled to the custody of the child as against grandparents or others who have no permanent legal right to the custody of the child, even though at the time they are giving the child suitable care and have acquired an attachment for the child. See *Swarens v. Swarens,* 78 Kan. 682, 97 Pac. 968; *In re Hollinger,* 90 Kan. 77, 132 Pac. 1181; *Pinney v. Sulzen,* 91 Kan. 407, 137 Pac. 987; *In re Brown,* 98 Kan. 663, 159 Pac. 405; *In re Zeigler, Petitioner,* 103 Kan. 901, 176 Pac. 974; *Smith v. Scheuerman,* 133 Kan. 348, 299 Pac. 616; *Andrews v. Landon,* 134 Kan. 641, 7 P. 2d 91, and cases cited therein." (l. c. 219.)

Under the rule of the above cases, it appears that in the instant case the mother to whom custody was awarded is dead; that the husband is able to take care of the children and desires to do so; that he has not been found to be an unfit person, but on the contrary has been found to be a fit person to have custody and has been awarded custody of one child; and that he is entitled to custody as against the sister of his deceased wife, who has no legal right to the custody of the child. It follows that the trial court

erred in awarding the custody of Dorothy Lorraine May to Sylvia Tenpenny and in rendering judgment that Harold E. May pay the clerk of the court the monthly payment for her support.

The judgment, insofar as the custody and support of Dorothy Lorraine May is concerned, is reversed and set aside, and the cause is remanded with instructions to render judgment in favor of Harold E. May, awarding him the care and custody of Dorothy Lorraine May.