No. 37,048

RALPH BAILEY, *Appellee,* v. RUTH BAILEY, Defendant, EDITH BAILEY, *Appellant.*

(192 P. 2d 190)

Opinion filed April 10, 1948.

*Paul L. Thomas,* of Kansas City, argued the cause, and *Walter Klamm,* of Kansas City, was with him on the briefs for the appellant.

*Louis R. Gates,* of Kansas City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: The present appeal arises from a judgment of the trial court allowing a motion for modification of a decree of divorce and the change of custody of a minor child.

In 1943 Ralph Bailey commenced an action against his wife Ruth Bailey for a divorce. The action was tried on July 19, 1943, and the court found the wife at fault; that the parties had a minor child eight months old, named Floyd Eugene Bailey, then being taken care of by Edith Bailey, the stepmother of Ralph Bailey, and that the welfare of the child would be served by placing him in the care, custody and control of Edith Bailey until otherwise ordered by the court, and it entered judgment accordingly, but provided that the mother, Ruth Bailey, be permitted to visit the child at the home of Edith Bailey at all reasonable times and to take the child with her at least one day each week, preferably on Sunday from 9:00 a. m. until 7:30 p. m.

On March 3, 1947, Ralph Bailey filed his motion to modify the above decree; that the custody of the child be taken from Edith Bailey and given to him, and that the decree be otherwise modified to permit the mother to visit the child at his home. In that motion he set forth that he lived with his sister and grandmother, who were willing and able to take care of the child while he was employed, and also setting forth the physical situation as to that home and as to the home of Edith Bailey; that he had supported the child at all times from July 18, 1943, up to June 17, 1946, and immediately before filing his motion had requested Edith Bailey to inform him as to the amount due and she had refused to so state, and that he tendered into court a reasonable sum to be fixed by the court as due for the support of the child since June 17, 1946. He also set forth his employment and wages.

Edith Bailey filed an answer to the motion. Summarized, she alleged that she gave the child good care; that Ralph Bailey had lived in the home of Edith Bailey and her husband Horace Bailey, the father of Ralph, until June 17, 1946, when he left of his own accord, and that since that date he had not complained the child was not receiving good care, had not called to see the child, had not sent birthday or Christmas gifts and had not paid anything for the child's care since June 17, 1946, although during the time he was employed and earning from $45 to $50 per week. She also set forth

at length the physical situation of her home, and that Ralph Bailey had no proper place to take the child, details of which need not be mentioned. She also made allegations which, if sustained, would have led to a conclusion that Ralph Bailey was not a fit and proper person to have the custody of his child. She also alleged that the child's best interest and welfare would be served by leaving the child with her.

On the hearing of the motion and the answer thereto, a good deal of testimony was received. Ralph Bailey and Edith Bailey filed requested findings of fact and conclusions of law. The trial court adopted the findings and conclusions requested by Ralph Bailey and supplemented them by its own. Although the findings of fact cover a wider field, for our purposes it may be said the trial court found that the mother of the child deserted the father and child in March, 1943, when the child was five months old, went to live with another man, never made any attempt to communicate with or inquire about the child and her present whereabouts were unknown; that Edith, Bailey appeared in court with her counsel to oppose Ralph Bailey's application for change of custody, and she was the real defendant before the court; that Ralph Bailey filed suit for divorce on March 21, 1943, and at the same time he and the child went to live with Edith Bailey, whose present husband was the father of Ralph Bailey and the grandfather of the child and that Ralph Bailey and the child lived with the child's stepgrandmother when the divorce was granted, at which time custody was given her, the provision of the divorce decree being set forth. The court further found there was no competent evidence that Ralph Bailey was not a fit and proper person to have custody of the child; that he was a fit and proper person to have such custody; that he had not consented to legal adoption of the child; that during 1943 Ralph Bailey paid all bills left by his wife when she deserted him, milk for the child, board and room for the child and himself, all of his own expenses and at the end of the year he was out of debt; that Ralph Bailey has paid to Edith Bailey the entire amount due her for board and room for himself and child to June 17, 1946, at which date he was requested to leave the home of Edith Bailey in order that they might use the room he had been occupying for other purposes; that Ralph Bailey had offered to tender into court any reasonable sum to be determined by the court due for care of the child since June 17, 1946. Other findings include that Edith Bailey did not like for Ralph to take the child away

from home and would never leave the child alone with Ralph Bailey; that Ralph Bailey received a salary of from $50 to $60 per week, lived with his sister at her home in Kansas City, Mo., and other findings the effect of which is that that home was a proper place in which to rear a child. The court, by a supplemental finding found that Edith Bailey had taken good care of the child since June 17, 1946, for which she had not been paid and that the reasonable value of that care to July 19, 1947, was $565.71. As matters of law the court made five conclusions:

1. That a parent who is able to care for his child and desires to do so, and who has not been found to be unfit in a proceeding where that question is in issue, is entitled to the custody of the child as against grandparents or others who have no permanent legal right to the custody, even though at the time they are giving the child suitable care and have acquired an attachment for the child.

2. The fact the father is living in Missouri and if given custody would take the child out of the jurisdiction of the trial court, is immaterial in the absence of a finding that the mother is a suitable person and had been given custody and was properly exercising it when the father asked for change of custody.

3. The fact that Edith Bailey is a good woman, is attached to the child and does and would give him good care is of no weight as against a parent who had not been adjudged to be unfit to have the custody.

4. The only way a fit parent can estop himself from reclaiming a child placed in custody of another is by consent to legal adoption.

5. Edith Bailey is entitled to judgment against Ralph Bailey for $565.71 for care and support of the child to July 19, 1947.

Judgment was rendered in accordance on July 19, 1947.

We note that subsequently Edith Bailey filed a motion for a new trial which was denied on July 22, 1947. Under date of July 29, 1947, she gave notice of appeal from the findings, conclusions of law, orders, rulings, decisions, judgments and decrees made and entered on July 19, 1947. She did not appeal from the ruling on her motion for a new trial.

Appellant first contends that the trial court was without power or jurisdiction to act on the motion to change the custody of the child for the reason that no notice of hearing of the motion was ever given to Ruth Bailey, the mother of the child, even though notice was given to Edith Bailey, to whom custody had been awarded when the divorce was granted. It may be said the question was not raised in the trial court and is now raised in this court by reason of our opinion filed December 6, 1947, in *Lamberson v. Lamberson*, 164 Kan. 38, 187 P. 2d 366. As the question presented

is one of jurisdiction we will notice it. The first syllabus of the cited case reads:

"In an action for divorce and child custody, the court modified its final judgment as to the custody of the child; notice of the hearing of this motion to change the custody should have been given to all interested parties."

Although reference is made to that opinion for a complete statement of the facts, it appears that when the divorce action between the plaintiff and his wife was tried, the care and custody of a child was given to plaintiff's mother for a limited time and thereafter to the plaintiff. At a later time, the stepfather and the mother of the defendant filed a motion for change of custody of the child, and without notice to the mother of the plaintiff to whom temporary custody had been awarded, nor to the plaintiff to whom final custody had been awarded, procured an order changing the custody of the child and sought to have the mother of plaintiff held in contempt for failure to obey that order. It was held that the order changing custody without notice was void. The body of the opinion correctly reflects the situation. If the phrase, "to all interested parties," as used in the above-quoted syllabus is restricted to those having custody or a right to custody under the decree or order sought to be changed, the syllabus may be said to correctly state the law, but otherwise interpreted it is too broad and to that extent is disapproved.

Appellant next contends that the best interests of the child will be served by leaving him in her custody, and that under the evidence adduced at the trial, the trial court was not justified in giving custody to the father—it being said the evidence was insufficient to warrant a change in custody. In connection with her argument, appellant makes repeated reference to portions of the evidence which she interprets as unfavorable to appellee. We pause here to say that her motion for a new trial did challenge whether the findings of fact made by the trial court were supported by the evidence. Her motion was denied but she did not appeal from the ruling and we are now confronted only with whether the findings of fact made support the judgment. Without reviewing those findings the most that can be said in her favor under them is that she had given and would give the child adequate and affectionate care. She directs our attention to *In re Bort, Petitioner, &c.*, 25 Kan. 308, 37 Am. Rep. 255, which was an original action in this court wherein it was held that the court should make such an order for the care

and custody of minor children as their best interests may require and to that end may commit them to the custody of someone other than the parent. In the body of the opinion it is stated that the best interest of the child is the paramount fact. Appellant also quotes extensively from *Chapsky v. Wood*, 26 Kan. 650, 40 Am. Rep. 321; *In re Snook, Petitioner*, 54 Kan. 219, 38 Pac. 272; and *Hayn v. Hayn*, 162 Kan. 189, 175 P. 2d 127, in each of which custody was awarded to someone other than a parent. We shall not review these cases but note the quotation hereafter made. The Chapsky and the Snook cases each recognize the rule of the Bort case, and the Chapsky and Hayn cases both hold that in the absence of abuse of sound judicial discretion in awarding custody of a child, the judgment of the trial court will not be disturbed on appeal.

Appellant says that the trial court did not make a finding that the best interests of the child would be served by placing him in the custody of the father, and that in her opinion that amounted to a finding it would *not* be. We cannot agree. The journal entry of judgment shows the trial court found the issues in favor of Ralph Bailey and against Edith Bailey and that it made the findings of fact heretofore mentioned. Taken separately or together, the findings cannot be construed as any finding the child's best interest would not be served by placing it in the custody of its father. The findings show clearly that the father took his child to the home of his father and his stepmother before any court order, giving her custody until otherwise ordered, was made; that during all of that time until he was requested to leave in June, 1946, he lived with his parents and saw his child every day, he not only paid for his own care and keep, he paid for that of the child. The court not only found the above, it found he was a fit and proper person to have the care and custody of his child and awarded it to him.

At no place in appellant's brief do we find any specific claim that the trial court abused its discretion. We do find complaint that the trial court did not agree with appellant as to what the evidence proved. If the complaint be construed as a contention the trial court abused its discretion, it is denied.

In *Jones v. Jones*, 155 Kan. 213, 124 P. 2d 457, it was said:

"It is firmly established by repeated decisions of this court that a parent who is able to care for a child and desires to do so, and who has not been found to be an unfit person to have the custody of the child, in an action or proceeding where that question is in issue and upon competent evidence, is entitled to the custody of the child as against grandparents or others who have

no permanent legal right to the custody of the child, even though at the time they are giving the child suitable care and have acquired an attachment for the child. See *Swarens v. Swarens,* 78 Kan. 682, 97 Pac. 968; *In re Hollinger,* 90 Kan. 77, 132 Pac. 1181; *Pinney v. Sulzen,* 91 Kan. 407, 137 Pac. 987; *In re Brown,* 98 Kan. 663, 159 Pac. 405; *In re Zeigler, Petitioner,* 103 Kan. 901, 176 Pac. 974; *Smith v. Scheuerman,* 133 Kan. 348, 299 Pac. 616; *Andrews v. Landon,* 134 Kan. 641, 7 P. 2d 91, and cases cited therein.

"Counsel for appellee cite *In re Bort, Petitioner, etc.,* 25 Kan. 308, and *In re Bullen, Petitioner, etc.,* 28 Kan. 791, which deal with unusual situations, and cite, also, *Chapsky v. Wood,* 26 Kan. 650, and *Woodall v. Alexander,* 107 Kan. 632, 193 Pac. 185. These cases were not overlooked in the consideration of the later cases, above decided, and while some of them present unusual situations, there is nothing in them contrary to the general principle of law above stated." (l. c. 219.)

And see *May v. May,* 162 Kan. 425, 427, 176 P. 2d 533, where the rule stated in the first paragraph quoted was approved, held applicable and followed.

The rule is likewise applicable here, and when applied, compels an affirmance of the trial court's judgment.

It is so ordered.