# LOREN C. KIENLEN v. IMOGENE M. KIENLEN.[1]

October 29, 1948.

No. 34,876.

[1]Reported in 34 N. W. (2d) 351.

138

*John B. Halloran* and *John P. Somers,* for relator.
*Young & Gislason,* for respondent.

MATSON, JUSTICE.

Original proceeding for a writ of prohibition, directed to the district court for the eighth judicial district and others, to prevent them from taking any further action with respect to an order to show cause issued by said court in the above action under date of September 17, 1948.

In the above action, which was heard as a default matter, plaintiff on June 22, 1946, was granted an absolute divorce from defendant, his wife. The court, after having expressly found both plaintiff and defendant to be fit and proper persons to have the control of their minor child, John Earl Kienlen (who was then of the age of seven years), awarded the permanent care, custody, and control of said child to defendant, subject to the right of plaintiff to visit said child at all reasonable times and to take said child to live with him for one month each summer. Plaintiff was ordered to pay defendant $25 per month for the support of said child. Defendant, who resided with her parents at Sleepy Eye, Minnesota, died June 26, 1947. Plaintiff alleges that he did not wish to accentuate the grief of the maternal grandparents over the loss of their daughter by immediate-

ly removing the child from their home, and that he therefore left him with them until July 17, 1948, when he took the child to his home at Cottagewood, Lake Minnetonka, where he resides with his present wife. Ever since, the child has resided with his father, with the exception of three or four days in the early part of September 1948, when he was permitted to visit his maternal grandparents. Upon the affidavit and notice of motion of the maternal grandparents, Earl Meyer and Martha Meyer, the district court on September 17, 1948, in the divorce action, issued an order directing plaintiff to show cause why the court's prior order and decree should not be modified so as to give the custody of the child to the maternal grandparents, and further to show cause why plaintiff should not be held in contempt for failure to pay the sum of $25 per month for the support of said child. The order to show cause also directed plaintiff to deliver said child forthwith to such grandparents or to the sheriff of Sibley county. Upon the relation of plaintiff, an alternative writ of prohibition was issued herein to restrain further proceedings with respect to such order to show cause. Should the writ be made absolute?

The prevailing rule is that upon the death of the parent who has held custody of a minor child under a divorce decree the right to custody automatically inures to the surviving parent, unless he is shown to be unfit.[2] A provision of a divorce decree awarding

[2]Bell v. Krauss, 169 Cal. 387, 146 P. 874; Wilson v. Mitchell, 48 Colo. 454, 111 P. 21, 30 L.R.A.(N.S.) 507; People ex rel. Good v. Hoxie, 175 Ill. App. 563; In re Smith's Guardianship (Iowa) 158 N. W. 578; In re Hollinger, 90 Kan. 77, 132 P. 1181; In re Pinney, 91 Kan. 407, 137 P. 987, Ann. Cas. 1915C, 649; Ex parte Bourquin, 88 Mont. 118, 290 P. 250; In re Guardianship of Peterson, 119 Neb. 511, 229 N. W. 885; Clarke v. Lyon, 82 Neb. 625, 118 N. W. 472, 20 L.R.A.(N.S.) 171; Leclerc v. Leclerc, 85 N. H. 121, 155 A. 249, 74 A. L. R. 1348; Yates v. Yates, 165 Wis. 250, 161 N. W. 743; In re Thorne, 240 N. Y. 444, 148 N. E. 630; People ex rel. Boulware v. Martens, 232 App. Div. 258, 249 N. Y. S. 600; Weiss v. Fite, 19 Ohio App. 309; Stone v. Duffy, 219 Mass. 178, 106 N. E. 595; Barry v. Sparks, 306 Mass. 80, 27 N. E. (2d) 728, 128 A. L. R. 983; Bryant v. Dukehart, 106 Or. 359, 210 P. 454; Taylor v. Jeter, 33 Ga. 195, 81 Am. D. 202; Annotations, 74 A. L. R. 1352, 128 A. L. R. 989, 21 Ann. Cas. 466, Ann. Cas. 1915C, 653; see, Pacific Gold

custody of a child to one of the parents is nothing more than the expression of the court's belief that, *under the circumstances then existing,* the welfare of the child will best be subserved by placing said child with one of the parents rather than with the other. Bell v. Krauss, 169 Cal. 387, 146 P. 874. In determining which parent is to have custody of a minor child, a divorce decree goes no further than to adjudicate the parental rights of husband and wife as between themselves, and the custody of such child is conditioned to both lives. Stone v. Duffy, 219 Mass. 178, 106 N. E. 595; Leclerc v. Leclerc, 85 N. H. 121, 155 A. 249, 74 A. L. R. 1348. The natural rights of a father are not completely annulled by a divorce decree awarding custody of the child to the mother, but are merely suspended for the time being and are revived in full force by the mother's death. In ré Hollinger, 90 Kan. 77, 132 P. 1181. In State ex rel. Merritt v. Eldred, 225 Minn. 72, 29 N. W. (2d) 479, involving habeas corpus proceedings brought by the father to obtain possession of his minor child after the death of the mother, to whom custody had been given under a divorce decree, this court recognized that a surviving parent has the first and paramount right to the care and custody of his minor child and that he shall not be divested of that custody unless it appears that the best interests of the child so demand. See, State ex rel. Platzer v. Beardsley, 149 Minn. 435, 183 N. W. 956; State ex rel. Fossen v. Hitman, 164 Minn. 373, 205 N. W. 267.

In the instant case, the surviving parent, the father, in the divorce proceeding was found to be a fit and proper person to have custody of his minor son, although it was thought best, under all the circumstances then existing, that such custody should be given to the mother, who has since died. It may be presumed that the order to show cause herein was issued for the purpose of determining whether plaintiff, in the comparatively short time since the divorce was granted, has lost his qualifications as a fit and proper person to have the custody of his minor child, and to determine whether the best interests of the child now demand that plaintiff's first and

Dredging Co. v. Industrial Acc. Comm. 184 Cal. 462, 194 P. 1, 13 A. L. R. 725, and Annotation, 729; 17 Am. Jur., Divorce and Separation, § 689.

paramount right to that custody be divested. The proceeding is directed toward a possible revision of the trial court's original custody order, and the maternal grandparents appear as the moving parties. Under these circumstances, does the trial court have jurisdiction to entertain a motion for revision of its custody order and the maintenance provisions contained in the decree of divorce?

■ The divorce jurisdiction of the district court is purely statutory and does not extend beyond the powers actually delegated to the court by statute. Warner v. Warner, 219 Minn. 59, 67, 17 N. W. (2d) 58, 62; Ostrander v. Ostrander, 190 Minn. 547, 549, 252 N. W. 449, 450; Sivertsen v. Sivertsen, 198 Minn. 207, 269 N. W. 413; see, State v. Armington, 25 Minn. 29, 37.

■ We are here concerned with M. S. A. 518.18, which provides:

"The court may afterward, from time to time, *on the petition of either parent,* revise and alter such order concerning the care, custody, and maintenance of the children, or any of them, and make such new order concerning them, as the circumstances of the parents and the benefit of the children shall require." (Italics supplied.)

The above section is explicit and clearly expressive of only one meaning, namely, that the court in a divorce action may revise an order concerning the care, custody, and maintenance of the children only "on the petition of either parent." Clearly, no power, by implication or otherwise, is conferred upon the court to entertain a petition or motion by any party other than a parent. Here, the moving parties are the grandparents, and the trial court is wholly without jurisdiction on their motion to order a revision of its prior order governing custody and maintenance.[3] In similar cases, other jurisdictions have likewise limited the jurisdiction of the court solely to those causes and matters which are before the court upon the application of the parties specifically designated by statute. Oster-

---

[3]In re change of custody pursuant to habeas corpus proceedings where neither parent had custody of the child, see State ex rel. Pappenfus v. Kourtz (Kowitz), 173 Minn. 177, 216 N. W. 937.

hout v. Osterhout, 184 Misc. 911, 54 N. Y. S. (2d) 867; Yates v. Yates, 157 Wis. 219, 147 N. W. 60; see, West v. West, 241 Mich. 679, 686, 217 N. W. 924, 926; Huger v. Huger, 313 Mich. 158, 162, 20 N. W. (2d) 848, 849; Beck v. First Nat. Bank, 244 Wis. 418, 424, 12 N. W. (2d) 665, 668.

■ It has been suggested that the defendant wife was in fact granted only technical custody of the minor child and that the maternal grandparents, at and subsequent to the time the divorce was granted, were in truth in charge of the child. We can give no consideration to any possible significance in the allegation that the custody awarded to the mother was merely technical. The written order or decree of a court can have no other meaning than that which the actual words used therein convey. Verity of judicial orders and decrees is an essential element of all adjudication.

Obviously, under the circumstances, the trial court is without jurisdiction to hold plaintiff in contempt for failure to pay support money to the maternal grandparents. The original order for custody and maintenance of the child provided that the support money should be paid by plaintiff to the child's mother. As already noted, the court has no jurisdiction to modify such order upon the petition or motion of a third party. If plaintiff is indebted to the maternal grandparents for necessaries furnished to the child, their remedy is not related to the divorce action, but must be pursued through separate and independent legal proceedings.

■ In Huhn v. Foley Bros. Inc. 221 Minn. 279, 286, 22 N. W. (2d) 3, 8, we said:

"Prohibition is not a writ of right, but, in the absence of another legal remedy which is reasonably efficient and adequate, issues in the discretion of the court to prevent an inferior tribunal from proceeding in a matter over which it is wholly without jurisdiction or in which it is exceeding its legitimate power and authority. It is a writ of prevention and not of correction. State ex rel. Laurisch v. Johnson, 216 Minn. 219, 12 N. W. (2d) 343; State ex rel. Minnesota Nat. Bank v. District Court, 195 Minn. 169, 262 N. W. 155; 5 Dun-

nell, Dig. & Supp. §§ 7840, 7842, 7845. In the instant case, the municipal court is wholly without jurisdiction."

Likewise, in this case, the district court, upon the petition and motion of the maternal grandparents, was wholly without jurisdiction to revise its original order and decree with respect to the support and maintenance of the minor child. In our opinion, the remedy by appeal is inadequate and entirely too circuitous to be reasonably efficient in adjudicating a proposed change in custody. The remedy by appeal would inevitably result in burdensome and useless delay. Stability in the care and environment of a growing child is of the utmost importance, and, in order to promote such stability, unreasonable and useless delay should be avoided in bringing about a final determination of its custody.

The writ of prohibition heretofore issued is made absolute. Pursuant to M. S. A. 587.05, the proceedings already had with respect to the order to show cause are annulled.

So ordered.