LEMMIN, Plaintiff in error, vs. LORFELD and another, Defendants in error.

*May 18 — June 21, 1900.*

*Parent and child: Custody of minor children.*

A father of girls aged seven and nine years, respectively, is unsuitable to have their care and custody, where it appears that he is mentally weak, to an extent rendering him incapable of doing business intelligently; that he is very excitable and is accustomed to apply bad names to his children and drive them from his presence by profanity and abuse; and that in consequence thereof they are becoming unmanageable.

ERROR to review a judgment and order of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

The plaintiff in error sued out a writ of *habeas corpus* in the circuit court for Sheboygan county for the purpose of obtaining the custody of two of his daughters, who were at

Lemmin vs. Lorfeld and another.

the time of the issuing of the writ of the ages of nine and seven years, respectively. The defendants in error had possession of the children, the defendant *Louisa* being their maternal aunt; and they justified their possession principally upon the ground that the plaintiff in error was an unsuitable person to have the charge and bringing up of the children. It appeared by the evidence that the wife of the plaintiff in error, the mother of said children, had died of consumption October 16, 1898; that before her death she had requested that the said children should go to her parents or sisters, for a home, and that the plaintiff in error had assented thereto; that after the funeral of the mother, on the 19th of October, 1898, the children were taken by the *Lorfelds* against the objection of the plaintiff in error, and have remained with the *Lorfelds* ever since, who have taken care of them, and are financially able to do so. The circuit court found that the plaintiff in error was not a suitable person to have the care and custody of said children; that the defendants in error were suitable persons to have such care and custody; and that the best interests of the children required that they remain in the custody of the defendants in error. Thereupon the writ of *habeas corpus* was dismissed, and the children remanded to the care and custody of the defendants. This judgment was rendered in June, 1899, and on the 29th day of July, 1899, the plaintiff in error filed a petition praying for the vacation of the judgment, upon which petition testimony was taken, and the same was denied October 11, 1899, whereupon the plaintiff in error sued out this writ.

*Simon Gillen,* for the plaintiff in error.

*Francis Williams,* for the defendants in error.

Wɪɴsʟow, J. The right of a father to the custody and education of his children, and the facts which may defeat that right, were so fully and comprehensively discussed by the late Mr. Justice Pɪɴɴᴇʏ in the opinion in the case of

*Markwell v. Pereles*, 95 Wis. 406, that no time need be spent
in any further discussion of the subject here.   The conclu-
sions there reached were, in brief, these:  Under the common
law, and by the terms of our statute (sec. 3964, Stats. 1898),
the father has the right to the custody, care, and education
of his minor children, unless it be shown that he is unfit or
unsuitable for the trust.   Unsuitableness is not to be found
merely because the father may be in straitened circum-
stances, or may not be as discreet or judicious as could be
wished, nor because other persons, of greater means or bet-
ter social standing, stand ready and willing to take the child
and give it greater advantages.   If such were the test, the
father's right would be reduced to a mere shadow, of the
most unsubstantial character.   But it must appear that the
father has "so conducted himself, or shown himself to be a
person of such description, or is placed in such a position, as
to render it not merely better for the children, but essential
to their safety or to their welfare, in some very serious and
important respect, that his rights should be treated as lost
or suspended,— should be superseded or interfered with."

Applying these principles to the present case, we find that
the court has here determined, after hearing the testimony
and seeing all the parties and their witnesses, as well as the
children themselves, that the father is "not a suitable per-
son" to have the care and custody of the children in ques-
tion, and that the defendants in error are suitable persons
for such trust.   We should have been better satisfied had
the court specifically stated the facts which rendered the
father unsuitable, but, on examination of the record, we find
that the facts relied on to show such unsuitableness were
that the father was weak mentally, to an extent rendering
him incapable of doing business intelligently; that he was
very excitable, and accustomed to swear at his children, es-
pecially an older boy, applying bad names to them, and
driving them from his presence by profanity and abuse; and

---

that as a consequence of such treatment the children, espe-
cially the elder boy, were becoming unmanageable.    There
was considerble testimony, by apparently disinterested wit-
nesses, which tended strongly to substantiate these facts.  It.
is true that there was considerable testimony to the con-
trary, but, construing the finding reasonably, we think it.
must be held to be a finding that these claims of unfitness
were established by the evidence; and, considering the
greater advantages of the trial court to determine the facts,
we must hold that the finding is based upon sufficient evi-
dence and must stand.    Such conduct on the part of the
father certainly renders him unsuitable to have the care of
children.    It makes him a person of such description "as to
render it not merely better for the children, but essential to
their safety and welfare, in very serious and important re-
spects," that their custody and education should be placed
in the hands of others.

By the Court.— Judgment and order affirmed.

