STATE EX REL. STRACHOTA, Plaintiff in error, vs. FRANZ, Defendant in error.

*May 17—June 12, 1917.*

*Parent and child: Father's right to custody: Fitness: Change in custody: Evidence: Religion: Temporal advantages.*

1. The father's common-law right to the custody of his infant children is subject to the condition that he be a suitable and fit person for the trust, and if the welfare of the children demands that the custody be given to another the court will so order.

2. Findings of the trial court in this case to the effect that the father was an unsuitable person to have the custody or care of the children, that there was no showing that the best interests of the children required any change in their present custody by their

maternal uncle and aunt, and that such care and custody ought
to be continued, are *held* to be sustained by the evidence.

3. The question of the religion in which children shall be brought
up is entitled to careful consideration, and if their temporal in-
terests will be as well taken care of when they are placed in the
custody of persons of the same faith as their parents, that fact
should be controlling; but if there are clear temporal advan-
tages resulting from other custody, they may be controlling the
other way

ERROR to review a judgment of the circuit court for Mara-
thon county: A. H. REID, Circuit Judge. *Affirmed.*

This is a writ of error to review a judgment dismissing a
*habeas corpus* proceeding. The petitioner, *Strachota,* is the
father of two children, aged respectively eleven and nine
years, who have lived for more than seven years with their
maternal uncle and aunt, *John Franz* and his sister, *Minnie
Franz.* The petitioner commenced *habeas corpus* proceed-
ings to obtain the custody of the children in order that he
might place them in charge of William Jaeger and his wife,
living in the county of Fond du Lac.

The facts found by the court and practically uncontra-
dicted are these: The relator married Carrie Franz in 1904.
The children are the fruit of that marriage. The petitioner
inherited about $1,000. He carried on the saloon business
first at Wausau and afterwards at Pine River, but was un-
successful, lost his property, did not obtain steady employ-
ment, provided little for his family, drank to excess, and in
the summer of 1908 his wife with her two infant children
was practically compelled to go to the home of her brother
(the defendant) for support. About three weeks afterwards
the wife was taken ill and died at the hospital at Wausau
after two weeks' illness. The children were taken to the de-
fendant's home with the father's consent and have lived there
ever since and have been well taken care of. The petitioner
has drifted about without steady employment during this en-
tire time; has continued his drinking habits, accumulated no

property, paid little attention to the children, contributed less than $50 to their support, and is morally unfit to have the care of the children.    The defendant is a farmer with a good and well-stocked farm, living with his sister, who is his housekeeper, is entirely able to take care of the children and desires to do so, and also intends to give them a good education.    Up to her death in December, 1914, the grandmother of the children lived with the defendant and gave the children much attention.    The children are greatly attached to the defendant and his sister and the attachment is fully reciprocated.

The petitioner intends, if awarded the custody of the children, to place them in the home of William Jaeger and wife, people of good character and standing living in Fond du Lac county, who are amply able to take care of them and desire to adopt them.    The petitioner and the Jaegers are Catholics and the children were baptized in that church.    Their mother was brought up a Lutheran, but professed the Catholic faith shortly before her death.    The defendant and his sister are Lutherans.    Just before her death the mother of the children requested that the children be taken care of by her mother at defendant's home.

The trial court concluded that the father was not a suitable person to have the custody of the children and that the evidence failed to show that any change of custody was required for the best interests of the children, and continued their custody in the defendant.

The cause was submitted for the plaintiff in error on the brief of *Regner & Ringle,* and for the defendant in error on that of *Brown, Pradt & Genrich,* all of Wausau.

WINSLOW, C. J.    In this case it is held:

1. The father's common-law right to the custody of his infant children is subject to the condition that he be a suitable and fit person for the trust.    If the welfare of the children demands that the custody be given to another, the court

will so order. *Sheers v. Stein,* 75 Wis. 44, 43 N. W. 728; *Lemmin v. Lorfeld,* 107 Wis. 264, 83 N. W. 359.

2. The conclusions of the trial court in the present case to the effect (1) that the plaintiff in error was an unsuitable person to have the custody or care of the children, (2) that there was no showing that the best interests of the children required any change in their present custody, and (3) that their care and custody ought to be continued in the defendant in error, are amply sustained by the evidence.

3. The question of the religion in which the child shall be brought up is always entitled to careful consideration, and if the temporal interests of the child will be as well taken care of when the child is placed in the custody of persons of the same faith as the parents, that fact should be considered as controlling. If, however, there are clear temporal advantages resulting from other custody, they may well be sufficient to be controlling the other way. In the present case the trial judge concluded that the latter situation was presented and we cannot say that he was in error.

*By the Court.*—Judgment affirmed.