GUARDIANSHIP OF BARE: CRONE, Appellant, vs. GOETSCH, Respondent.

SAME, Respondent, vs. SAME, Appellant.

*November 5, 1919—February 10, 1920.*

*Parent and child: Right to custody of child as affected by statute: Natural rights of mother: Payment of compensation by mother as condition for return of child.*

1. Whatever right to the custody of a child the parent has by legislative provisions similar to those of secs. 3964, 3965, Stats., or under the rules of the common law, must stand aside if a recognition of such right would materially interfere with the paramount right of the child to have its welfare considered and conserved by the court.
2. In a proceeding to vacate a guardianship over a five-year-old infant, an order restoring the custody of the child to the mother is proper upon a finding that the mother and her husband can furnish a suitable home and care for the child, although it is also found that the defendant, who had brought up the child as his own since it was three years old, is likewise able to furnish such home and care.

3. In such case it was error to make the payment of compensation for the care of the child a condition for its return to the mother.

APPEALS from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed on appeal of Joseph Goetsch; reversed on appeal of Mattie Bare Crone.*

Gladys May Bare was born October 8, 1912, and in the same month placed with a Mrs. Snover at Mukwonago, Waukesha county, for care by the mother, *Mattie Bare,* now *Mrs. Crone,* respondent and appellant. She was to pay at the rate of $4 per week for such care, and subsequently, as she claims, at the rate of $2 per week, and did pay on account from time to time. In July, 1915, Mrs. Snover moved to Montana and left Gladys with her daughter, Florence, and her husband, *Joseph Goetsch,* who is also appellant and respondent herein. Shortly after Mrs. Snover left, Mrs. Goetsch and the mother had a conversation about the future of the child. A dispute arises under the testimony as to whether it was agreed that the mother was then willing to relinquish for all time her right to the child and permit Mr. and Mrs. Goetsch to rear it as their own, or whether the arrangement was for its care until such period as the mother could take the child, and providing that in event of the mother's death the child might then belong to the Goetsches.

In February, 1917, at the suggestion of Mrs. Snover *Mattie Bare* went to Montana and worked for a family there. In September, 1917, she married Ralph Crone of Montana, who was fully informed of the existence of said child and the circumstances surrounding its birth. Shortly after marriage Mr. and *Mrs. Crone* came to Wisconsin and have lived here since.

In February, 1918, a petition was made to the county court of Waukesha county by *Joseph Goetsch* for his appointment as guardian over the infant, and on March 7th letters of guardianship were issued to him. No notice, how-

ever, of this proceeding was served during the pendency thereof upon the mother. In September of the same year the Crones moved to Waukesha and then commenced proceedings to vacate said guardianship and have the care and custody of the said child restored to the mother. The guardianship proceedings were set aside by the county court and an appeal taken from such order to the circuit court. Considerable testimony was taken in that court and the proceedings treated as though on a writ of *habeas corpus*. The trial court found, among other things, as follows:

"That on July 3, 1915, the said child was placed with *Joseph Goetsch* with the knowledge and consent of the mother; that *Joseph Goetsch* received said child and took her into his home under the belief, formed in good faith from a prior conversation with the mother, that he and his wife should have and rear said child as their own.

"That said *Joseph Goetsch* and his wife have cared for the child since such time, provided for it a good home with the kind and character of nursing in the home which parents accord to their own children; that he and his wife are greatly attached to said child and the child to them and that they are able and willing to provide a good home for her, to bring her up in a proper manner and to give her a suitable and proper rearing and education.

"That the mother permitted the child to live in ignorance of the fact that she was her mother and to live in the belief that *Joseph Goetsch* and his wife were her parents.

"That the mother paid the sum of $70 to *Joseph Goetsch* towards the care of said child since July 15, 1915.

"That the mother and her husband, Ralph Crone, now reside at Waukesha, where they are ready, willing, and able to make and maintain a good and suitable home for the child; that the petitioner 'is in all respects a fit and proper person to have the care and custody of her daughter; that she is an upright, sober, and capable mother, competent to rear and educate her daughter; that with the assistance of her husband, who has evidenced his willingness to make a home and provide for the child, the mother is now able to furnish a good and suitable home for the child and provide for her education.'

"That upon learning of the guardianship proceedings the mother made demand for the release of her child and its

return to her and offered to pay an amount which she claimed was the proper amount due for the board, care, and lodging furnished the child; that *Mr. Goetsch* disputed the amount as stated by petitioner and refused the demand in all things.

"That the reasonable value of the care, maintenance, and support provided by *Joseph Goetsch* for the infant is at the rate of $275 per year, amounting to $825, upon which has been paid the sum of $70, leaving a balance of $755.

"That the welfare of the child does not require that her custody be changed from *Joseph Goetsch* to the petitioner; but because of the paramount legal right of the parent, where both parties are competent and suitable, the petitioner is entitled to have the custody of her daughter, Gladys May Bare. However, equity and good conscience require that, before the custody of the child be changed, the petitioner be required to pay the said sum of $755 to the said *Joseph Goetsch*."

In the decision of the trial court he said, among other things:

"This matter has not been an easy one to decide. The welfare of this little girl, bright and lovable and somewhat nervous, is of such great importance that it has been extremely difficult to reach a conclusion. If it were left to me to designate a custodian, without being obliged to give consideration to the legal rights of the mother, I would not hesitate to say that the child should remain where it is. I am certain that a good home and the best of training would always be provided. While I am convinced that the mother will likewise provide suitable care and education, there is absent the actual experience of the past to support one's judgment. However, the evidence is not sufficient, in my judgment, to warrant any reasonable apprehension that it would result in harm to the child or in prejudice to her interest or welfare if her custody be transferred to the mother."

Upon the findings the court directed that the child be delivered to the mother, but that before such order or judgment be executed and before *Joseph Goetsch* be required to surrender possession and custody of the child, the mother,

*Mattie Bare Crone,* be required to pay the sum of $755 as just and reasonable compensation for the care of said child and expenses incurred therein.

From so much of the order or judgment as directed the delivery of said child, Gladys May Bare, to her mother, *Mattie Bare Crone,* the said *Joseph Goetsch* has appealed; and from so much of the said order or judgment as directed that the sum of $755 be paid by *Mattie Bare Crone* for the use of *Joseph Goetsch* before said *Goetsch* be required to deliver the child to its mother the said *Mattie Bare Crone* has appealed.

For *Mattie Bare Crone* there were briefs by *Frame & Blackstone* of Waukesha, and oral argument by *H. J. Frame.*

For *Joseph Goetsch* there was a brief by *Lockney & Lowry* of Waukesha, attorneys, and *W. P. Collins* of Boulder, Colorado, of counsel, and oral argument by *Mr. Henry Lockney* and *Mr. Collins.*

The following opinion was filed December 2, 1919:

ESCHWEILER, J. No complaint is made against, and under the record none could well be raised to, the finding of the court that Mr. and Mrs. Goetsch, after receiving the child in July, 1915, gave it a good and suitable home, treated it with the same care, attention, and tender regard as though it were their own, and have become and are very fondly attached to the child, as the child is to them.

*Joseph Goetsch* on this appeal insists that the testimony does not warrant the conclusion arrived at by the trial court that the mother and her husband are suitable and proper persons to have the care, custody, and bringing up of the child. No useful purpose would be served by commenting upon the evidence in the record on this question. It satisfies us that the finding made by the court below in this regard cannot be disturbed and warrants the conclusion reached by the trial court in that the mother is now a suit-

able person to have and is entitled to the care and custody of her own child.

Whatever right to the custody of a child is recognized to be in the father or mother by such legislative provisions as are found in secs. 3964 and 3965, Stats., or under the rules of the common law, must stand aside if a recognition of such a right in a parent would materially interfere with the paramount right of the child, the being most concerned, to have its welfare considered and conserved by the court. This has been so often declared that it needs no further discussion. *Jensen v. Jensen*, 168 Wis. 502, 504, 170 N. W. 735; *State ex rel. Strachota v. Franz*, 166 Wis. 32, 34, 163 N. W. 191.

That such a rule has always been the key used to solve the troublesome and delicate problems arising in conflicts over the possession of a child may be seen in such cases as *Sheers v. Stein*, 75 Wis. 44, 43 N. W. 728; *Johnston v. Johnston*, 89 Wis. 416, 62 N. W. 181; *Markwell v. Pereles*, 95 Wis. 406, 69 N. W. 798; *McChesney's Appeal*, 106 Wis. 315, 82 N. W. 149; *Lemmin v. Lorfeld*, 107 Wis. 264, 83 N. W. 359; *In re Stittgen*, 110 Wis. 625, 632, 86 N. W. 653.

Such consideration for the welfare of the child, however, does not mean that its custody may be auctioned off to him who will make the highest bid in the shape of greater financial standing, more comfortable surroundings, or larger opportunities for the future. If a good and suitable home is ready and offered by one attached by the ties of nature to the child, those ties can neither be disregarded nor severed because some one better situated is able to offer more. 29 Cyc. 1590, 1591; *Buchanan v. Buchanan*, 93 Kan. 613, 144 Pac. 840.

The court below, therefore, having reached the conclusion that the mother and her husband can now furnish a suitable home and proper care for this child, very properly

determined that the mother, rather than those not related to the child, should have its custody.

Upon the other provision of this judgment we can find no warrant for any determination by the court in this proceeding of anything in the nature of money compensation to *Mr. Goetsch* for the care of the infant, much less so for any direction that the change in the custody of the child shall be conditional upon the payment of any such sum. No such issue was framed by anything suggested in the petition or pleadings herein, nor was it a necessary or proper one for determination by the court below. So much, therefore, in the judgment or order of the court below as attempts to fix any amount due from the mother of the child to the Goetsches must be vacated and set aside.

Having rightly determined that the custody of this child belongs to the mother, the body of such child cannot be held as security for the payment of money. A child can be neither bartered nor pledged. Although the ministrations of the Goetsches to this little child have been of the best and tenderest, and although the mutual affections that have grown up between them and this child are very strong and deserving of the highest praise, yet such can never ripen into anything in the nature of a lien upon a human being. The control by a creditor over the custody of the person of a debtor as security for the debt has long since been abolished. It never has existed and certainly does not now exist over the body of a child for any monetary claim. The scales in this case having been properly found to be inclined to the side of the mother as to the custody of this child, they cannot be tipped to the opposite by loading the other side with any monetary consideration.

*By the Court.*—So much of the judgment as awards the custody of the child Gladys May Bare to *Mattie Bare Crone* is affirmed. So much thereof as determines that there is due any amount for the care of the child and as requires

the payment to *Joseph Goetsch* of the sum of $755 as a condition for the return of said child is vacated and set aside. *Mattie Bare Crone* to have her costs on this appeal.

*Joseph Goetsch* moved for a rehearing.

In support of the motion there was a brief by *Lockney & Lowry* of Waukesha, attorneys, and *Arthur H. Koenitzer* of Milwaukee, of counsel.

In opposition thereto there was a brief by *Frame & Blackstone* of Waukesha.

The motion was denied, with $25 costs, on February 10, 1920.