SAGER, Executor, Appellant, v. HANNEMANN, Respondent.

*January 7—February 3, 1959.*

For the appellant there was a brief by *Hoeffel & Coughlin,* attorneys, and *Byrne, Bubolz & Spanagel* of counsel, all of Appleton, and oral argument by *Harry P. Hoeffel* and *Gordon A. Bubolz.*

For the respondent the cause was submitted on the brief of *Bradford & Gabert* of Appleton.

DIETERICH, J.   The court in its decision on motions after verdict stated as follows:

"It is recognized that the verdict is advisory only to the court, and the court may adopt or reject it.

"The issues of fact in this case were highly controverted and strenuously contested.

"The court frankly states that its decision on the payment would have differed from the jury's finding . . . if that matter had been left to its decision. However, a jury submission seemed appropriate, and some moral significance must attach to it. It should not be advisory only to the extent that it accords with the court's view. Otherwise it would be accepted for its conformity rather than its advisory aspects.

"Ordinarily the court would not hesitate to reject the jury's finding if it considered it against the great preponderance of the credible evidence. . . . there may be some features of the evidence, or inferences from the evidence, which escape this court's observation and which might have properly influenced the jury to its result.

"The court is fearful that its view of the case may be persuaded by personal impressions not wholly related to the merits of the case, and considers it the better part of judicial discretion to accept the jury's verdict; and this it does with no little reluctance."

In accordance with the jury verdict, the trial court made and filed its findings of fact and conclusions of law, upon which judgment was entered in favor of the defendant.

It is fundamental in all equitable actions that the case must be tried by the court and that the jury's verdict is merely advisory. The court must find that all the facts necessary to entitle the plaintiff to a judgment have been established by the evidence.

In 30 C. J. S., Equity, p. 906, sec. 510, it is said:

". . . the decree which the court enters on the return of the verdict must be its own decree, based on its own knowledge of the facts, and it can treat the verdict of the jury only as an opinion on the facts which it is at liberty to consult."

We recognize that the court did find that the $10,000 payment had been made and that there is evidence to support the finding. We are not satisfied, however, that justice has been done in view of the following: (1) The court's statement that he would have made the opposite finding but for the advisory verdict; (2) the persuasiveness of the evidence tending to show that the payment had not been made; (3) the dissent of two members of the jury. Therefore, in the exercise of our discretionary power under sec. 251.09, Stats., we reverse and remand for a new trial.

*By the Court.*—Judgment reversed, cause remanded for a new trial.