KRITZIK, Respondent, v. KRITZIK, Appellant.

*October 28—November 26, 1963.*

444

For the appellant there was a brief by *Ray T. McCann*, and oral argument by *Leonard L. Loeb*, both of Milwaukee.

For the respondent there was a brief and oral argument by *Ralph J. Podell* of Milwaukee.

WILKIE, J. Two issues are determinative of this appeal. They are:

1. Is a contribution to summer-camp expenses a payment toward the "education" or "care and maintenance" of a child within the meaning of sec. 247.25, Stats.?

2. Was the trial court's determination, that the appellant's contribution of $1,000 to summer-camp expenses was required by a change in the circumstances of the parties and that such contribution was in the best interests of the children, contrary to the great weight or clear preponderance of the evidence?

The trial court did not determine whether the contribution of the $1,000 was to be considered as a payment toward "education" or a contribution to "care and maintenance." In our view it does not matter whether it is "care and main-

tenance" or "education," just so long as it is one or the other. Sec. 247.25, Stats., expressly provides for modification of the provisions of a divorce judgment concerning "the care, custody, maintenance and education of any of the children. . . ." [1] There is no statutory definition of the terms, "care," "maintenance," or "education." Although in our opinion "education" as used in sec. 247.25 should generally be confined to formal schooling, many learning experiences will not involve formal schooling with prescribed hours of attendance and classroom curricula, but will involve much less formal arrangements that may be closer to "care" and "maintenance" than "education." Summer-camp experience is a learning experience that usually does not involve formal schooling; certainly it involves care and maintenance of the children and there may be and usually is a substantial amount of education connected with this experience.

The crucial issue on this appeal is whether or not the trial court's determination, that the appellant's contribution of $1,000 to summer-camp expenses was required by a change in the circumstances of the parties and that such contribution was in the best interests of the children, is contrary to the great weight or clear preponderance of the evidence.

We must sustain the trial court's modification of a divorce judgment unless the determination is contrary to the great weight of the evidence.[2] Could a reasonable trial court have found it more probable than not, that a material

[1] "247.25 REVISION OF JUDGMENT. The court may from time to time afterwards, on the petition of either of the parties and upon notice to the family court commissioner, revise and alter such judgment concerning the care, custody, maintenance and education of any of the children, and make a new judgment concerning the same as the circumstances of the parents and the benefit of the children shall require."

[2] *Graichen v. Graichen* (1963), 20 Wis. (2d) 200, 121 N. W. (2d) 737; *Chase v. Chase* (1963), 20 Wis. (2d) 258, 122 N. W. (2d) 44.

change in the circumstances of the parties and the welfare of the children required the additional payment of $1,000 for summer-camp expenses over and above Mr. Kritzik's regular support payments?

We have held that the party seeking to alter a divorce judgment carries the burden of persuasion as to whether such modification is justified by a material change in the circumstances of the parties.[3] When the party who has custody of children under a divorce decree seeks additional aid from the court, it is reasonable to require her to demonstrate that the circumstances upon which the existing support payments were predicated have materially changed, thus justifying an increase in support payments. In the instant case the respondent was required to demonstrate that it was more probable than not that the circumstances of the parties had materially changed. She met her burden.

In 1957, at the time the original support payments were calculated, the children were six, three, and two years old. They certainly were not of camp-going age. By 1963, the children were aged twelve, nine, and eight. At this age, summer-camp experience is quite normal. New needs arising out of the fact that the children have simply grown older have been deemed a substantial change in circumstances, justifying modification.[4] Growing old enough to present the need for summer camp is also a sufficient change in circumstances to justify a modification in the support if other prerequisites are met.

A second relevant factor relating to change in circumstances is the ability of the husband to pay the increased support payments. It is not necessary for the party seeking

[3] *Miner v. Miner* (1960), 10 Wis. (2d) 438, 103 N. W. (2d) 4; *Bruun v. Bruun* (1958), 5 Wis. (2d) 59, 92 N. W. (2d) 213; *Gissing v. Gissing* (1961), 13 Wis. (2d) 556, 108 N. W. (2d) 916; *Littig v. Littig* (1938), 229 Wis. 430, 282 N. W. 547.

[4] *Setzer v. Setzer* (1947), 251 Wis. 234, 29 N. W. (2d) 62.

the change in the support payment to demonstrate that the husband's ability to pay has substantially increased. It is sufficient to demonstrate that the husband in his present economic position can absorb the increased expenditure. The respondent alleged that her husband could easily meet this expenditure and at the hearing he stipulated that this was in fact so.

A material change in the circumstances of the parties, while a necessary condition for modification, is not in itself sufficient. There must also be a finding that meeting new needs would be in the best interests of the children. In making his determinations as to what conditions of a divorce judgment would best serve the interests of the children involved, the trial court does not function solely as an arbiter between two private parties. Rather, in his role as a family court, the trial court represents the interests of society in promoting the stability and best interests of the family.[5] It is his task to determine what provisions and terms would best guarantee an opportunity for the children involved to grow to mature and responsible citizens, regardless of the desires of the respective parties. This power, vested in the family court, reflects a recognition that children involved in a divorce are always disadvantaged parties and that the law must take affirmative steps to protect their welfare.

[5] "245.001 (2) *Intent*. It is the intent of chs. 245 to 248 to promote the stability and best interests of marriage and the family. Marriage is the institution that is the foundation of the family and of society. Its stability is basic to morality and civilization, and of vital interest to society and the state. The consequences of the marriage contract are more significant to society than those of other contracts, and the public interest must be taken into account always. The seriousness of marriage makes adequate premarital counseling and education for family living highly desirable and courses thereon are urged upon all persons contemplating marriage. The impairment or dissolution of the marriage relation generally results in injury to the public wholly apart from the effect upon the parties immediately concerned."

The trial court may, on his own initiative, gather information on the question of whether a proposed change enhances the welfare of the children.[6] This information may be in addition to the evidence produced by either party as to whether the proposed modification will serve the best interests of the children. Thus, the trial court is not a passive agent bound by the information supplied by the parties on this issue. When a trial court does exercise his initiative and does obtain information on which he wishes to rely in reaching a determination concerning the best interests of the children, he should not act on such information until he has informed the parties about the information and given each party an opportunity to be heard and to make a record opposing or amplifying such information.

In this case it was proper for the trial court to take broad judicial notice of the nature of summer-camp activities. A reasonable trial court could conclude that the summer camp afforded an opportunity to the children to engage in sports, to learn something about wildlife, and to generally rub shoulders with their peers, and he could well conclude that attendance at the camp was in the best interests of the children.

The appellant argues that assuming that the experience of summer camp is in the best interests of the children, it would be better if the children were to attend a democratically organized camp rather than the high-status, high-cost camp picked by the respondent. This is an argument that reasonable men might never settle. In this area of difficult evaluative judgments, we must defer to the trial court's find-

---

[6] Use of evidence obtained by family service agencies on court's direction. *Bliffert v. Bliffert* (1961), 14 Wis. (2d) 316, 111 N. W. (2d) 188; *Anderson v. Anderson* (1959), 8 Wis. (2d) 133, 98 N. W. (2d) 434.

ings.  His close contact with the parties places him in the best position to make an intelligent evaluation of such a question.[7]

The appellant also argues that if he is to be required to contribute to the summer-camp expenses, he should have the power to determine which camp the children shall attend.  Under the terms of the original divorce decree, the appellant was given the express power to determine whether or not the children would attend private schools.  Since the summer-camp experience is at least as much a part of the "care and maintenance" of the children as it is a part of their "education," and since in any event it is not the type of formal schooling contemplated by the stipulated provision in the divorce decree, we conclude that it is the type of decision that must be left to the person having the custody of the children.

We conclude that the determination of the trial court that the appellant's contribution of $1,000 to the summer-camp expenses of the children was required by a change in the circumstances of the parties and that such contribution was in the best interests of the children, was not against the great weight or clear preponderance of the evidence.

*By the Court.*—Order affirmed.

GORDON, J., took no part.

[7] *Patrick v. Patrick* (1962), 17 Wis. (2d) 434, 117 N. W. (2d) 256; *Bliffert v. Bliffert, supra; Chase v. Chase, supra.*