Estate of Korleski: Korleski and others, Appellants, v. Estate of Korleski, Respondent.

*February 4—March 3, 1964.*

618

For the appellants there was a brief by *Joseph F. Hacker* of Wautoma, and *Brazeau, Brazeau, Potter & Cole* of Wisconsin Rapids, and oral argument by *John M. Potter*.

For the respondent there was a brief by *John J. Haka* of Stevens Point, and *William L. McCusker* of Madison, and oral argument by *Mr. McCusker*.

DIETERICH, J. The record reveals the following facts. The testator, Peter J. Korleski, died on July 4, 1962, at the age of eighty-two, and was survived by the following children: Shirley Ostrowski, Dorothy Blanchard, Harry Korleski, Edwin Korleski, Genevieve Koschak, Eleanor Soska, Clara Haka, Robert Korleski, and Barbara Westover. The testator had executed a will on February 15, 1962, while a

patient at the Waupaca Hospital. He did not sign the will, but instead affixed his mark to the document in the presence of two witnesses.

On July 7, 1962, the day of the testator's funeral, the will was read to the heirs in the office of Attorney John Haka. The will gave Shirley Ostrowski and Dorothy Blanchard a greater share of the estate than the others and contained the following provision:

"Twelfth: If any of the persons or heirs to whom any legacy or devisee [sic] is herein given, or any person shall oppose any of the provisions made in this will or who shall object to the appointment of the executrix or the attorney for the executrix as stated in this my last will and testament, or shall institute or cause to be entered, any legal action, suit, or proceeding of any kind or character to set aside this my last will and testament, or to nullify any part or parts thereof, or if any person shall cooperate or aid in any such action, suit, or proceeding, or shall refuse to accept the provisions herein made for his or her benefit, then in such event, I hereby revoke any and all bequests and other provisions or testamentary dispositions herein contained in favor of any such person."

All of the heirs signed the following waiver after the will had been read to them by Attorney Haka: [1]

"A petition—for the probate of the last will and testament; for proof of heirship; for the granting of letters of administration having been made in the above estate,

"The undersigned, being persons interested in the above proceedings, and over the age of twenty-one years and fully competent, hereby enter appearance, and waive any and all notice of the above proceeding and consent to an immediate hearing without notice and to the granting of the petition."

The waivers were filed and the will was admitted to probate on July 17, 1962. The only heirs who were present at the hearing were Shirley Ostrowski and Eleanor Soska,

---

[1] Sec. 310.05 (1), Stats.

daughters of the deceased. The record of the proceeding reveals that only Shirley Ostrowski and one of the attesting witnesses testified—no testimony was given by Eleanor Soska.

On November 15, 1962, a petition to reopen the matter of the probate of the will of Peter J. Korleski was filed in the county court by Harry Korleski. A hearing was held on the petition on February 11, 1963, at which time counsel for the petitioner stated that although Harry Korleski, a son, was the sole petitioner, that Edwin Korleski, Genevieve Koschak, Eleanor Soska, and Robert Korleski, other children of the testator, wished to join in the petition. The court took no formal action on this request, but the record indicates that all of the above-named children were treated as petitioners by the court below, and they will be so treated here.

The testimony of the petitioners at the hearing was substantially the same. They all testified that they did not know the contents of the will before it was read to them; that Paragraph 12 of the will was not explained, but just read to them by the attorney; that the only explanation of the effect of the waiver was that if they signed, it would speed up the probate proceedings and facilitate Shirley's being named as executrix; and that they all thought that they would not receive their legacies if they did not sign the waiver. The petitioners testified, however, that they were not induced to sign the waivers by fraud.

The testimony further indicated that while the provisions of the will were not explained to the heirs by the attorney, anyone who asked a question concerning the will received an answer. No questions were asked as to the effect of Paragraph 12 on the legacies, nor were there any questions concerning the effect of the waivers. The petitioners testified that in discussing the will among themselves after the reading, they formed the opinion that there may have been undue

influence exerted upon the testator, and that the testator lacked testamentary capacity at the time the will was executed. Edwin and Harry Korleski stated that the testator had told them many times that all his children would be treated equally in his will.

Harry Korleski testified that he had knowledge that the testator was not of sound mind before the will was read and before he signed the waiver, although his affidavit in support of the petition to reopen alleged that he obtained this knowledge after the will had been read and the waiver signed.

Dorothy Blanchard and Shirley Ostrowski testified for the defense and stated that the testator had told them of the contents of the will beforehand. They also testified that when the will was read and the waivers signed, the attorney answered all questions asked by the heirs, although no legal explanation of the waiver was given.

The trial court in its written memorandum decision stated that the only question raised by the petition to reopen was whether the waivers were obtained from the heirs by the use of fraud, mistake, or undue influence; that the petitioners should have given the matter earlier consideration, inasmuch as they were all aware of the contents of the will after it was read to them; that even if they feared that their legacies would be jeopardized if they did not sign the waivers, they should have availed themselves of further information as to the effect of that paragraph on their right to inherit under the will; and that:

"Certainly the petitioners are guilty of laches and cannot expect relief at this time. It further appears to the court that the petitioner's objections raised at this time are based merely on dissatisfaction which has developed since the signing of the waiver and the filing of the petition and not based on good and valid grounds, except to use this method at this late date as an excuse to set aside this will."

The petition to reopen was filed pursuant to the provisions of sec. 324.05, Stats., which reads as follows:

"EXTENSION OF TIME FOR APPEAL; RETRIAL. If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; or the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."

The statute expressly declares that the reopening of closed proceedings is within the discretion of the trial court, and the conditions imposed for the exercise of that discretion are: (1) That the petitioner be without fault; and (2) that justice requires a revision of the order. The order of the trial court denying the petition to reopen being a discretionary order, it will not be set aside by this court in the absence of a clear case of abuse of discretion, *Estate of Hilgermann* (1932), 208 Wis. 520, 525, 527, 243 N. W. 753, and the supreme court is not authorized to substitute its discretion for that of the trial court. *In re Johnson* (1960), 9 Wis. (2d) 65, 75, 100 N. W. (2d) 383.

Thus the sole issue confronting this court on the instant appeal is whether the county court abused its discretion in denying the appellants' petition to reopen the probate proceedings.

The trial court's finding that the petitioners were guilty of laches is not supported by the record. The three essential elements of the defense of laches are: Unreasonable delay in commencing the action; knowledge of the course of events and acquiescence therein; and prejudice to the party assert-

ing the defense. *Pugnier v. Ramharter* (1957), 275 Wis. 70, 75, 81 N. W. (2d) 38; *Estate of Seefeldt* (1957), 1 Wis. (2d) 509, 516, 85 N. W. (2d) 500. There is nothing in the record to indicate that there was unreasonable delay, and although the petition was not filed until four months had elapsed, sec. 324.05, Stats., does not expressly make the granting of relief contingent upon the exercise of diligence in making the application. *Estate of Hilgermann, supra.* Nor is there anything in the record tending to show any prejudice to the estate or to the executrix.

Where, as in the instant action, the testator was eighty-two years old and hospitalized at the time the will was executed, and the will leaves the greater share of his estate to two of his nine children, and where the petition to reopen is grounded upon a claim of undue influence—these facts alone are sufficient to entitle the petitioners to have the matter reopened under sec. 324.05, Stats. Because we reverse the order of the trial court, it becomes unnecessary to consider the appellants' other contentions.

*By the Court.*—Order reversed, cause remanded for further proceedings not inconsistent with this opinion.