PATERSON, Respondent, v. PATERSON, Appellant.

*No. 737 (1974). Submitted on briefs May 5, 1976.—*
*Decided June 14, 1976.*
(Also reported in 242 N. W. 2d 907.)

---

[7] Secs. 252.06 and 252.09 (1), Stats.

For the appellant the cause was submitted on the briefs of *Alexander N. Rubin*, attorney, and *Harold A. Laufer*, of counsel, both of Milwaukee.

For the respondent the cause was submitted on the brief of *Fricker & Bailey* of Milwaukee.

ROBERT W. HANSEN, J. In rendering a judgment of divorce, annulment or legal separation, a court in this state may make provisions for the "support, maintenance and education of the minor children" of the parties.[1] In the divorce judgment here involved, the court awarded custody of the child of the parties to the mother, and directed that the father make child-support payments in the amount of $50 per month. In this action, the custodian sought judgment for the arrearage or unpaid balance due on such child-support payments. The appeal involves the question of laches.

On this appeal the parties agree that the three tests as to laches are: (1) Unreasonable delay in commencing the action; (2) knowledge of the course of events and acquiescence therein; and (3) prejudice to the party asserting the defense.[2] The jury found that

[1] Sec. 247.26, Stats. *See also:* Sec. 247.24, Stats.

[2] *Estate of Korleski* (1964), 22 Wis. 2d 617, 622, 126 N. W. 2d 492. *See also: Greenfield v. West Milwaukee* (1956), 272 Wis. 215, 233, 75 N. W. 2d 424.

the defendant father "had been misled to his detriment by inactions on the part of the plaintiff." The trial court held laches to be applicable in equity actions. It is.[3] The trial court held a jury verdict in equity matters is only advisory. It is.[4] As to such advisory verdict, the trial court may properly refuse to accept the findings of the jury and make its own findings.[5] When it does so, the finding of fact made by the trial court is not to be reversed unless it was clearly against the great weight and clear preponderance of the evidence.[6]

In making its findings of fact on the issue of laches, the trial court found (1) no unreasonable delay; and (2) no prejudice to the defendant. As to delay, it held that this suit could not have been brought until Barbara Ann was twenty-one years of age if a multiplicity of litigation were to be avoided, and that the custodian had given adequate reasons for not bringing the suit between 1969 and 1973, including her testimony that ". . . she had felt sorry for the defendant and was

[3] *See: Bur v. Bong* (1915), 159 Wis. 498, 504, 150 N. W. 431, this court holding: "The action [enforcing a mortgage lien] is equitable in its nature and, like all rights sought to be enforced in our courts, it is subject to be defeated by the equitable defense of laches, as recognized in the law."

[4] *See: Abdella v. Smith* (1967), 34 Wis. 2d 393, 397, 149 N. W. 2d 537, 27 A. L. R. 3d 620, this court holding: "The verdict of the jury in an equity action is advisory only, and it is within the discretion of the judge to follow the verdict or to ignore it." *See also: Sager v. Hannemann* (1959), 6 Wis. 2d 285, 289, 94 N. W. 2d 612.

[5] *Id.*

[6] *See: Sid Grinker Co. v. Craighead* (1966), 33 Wis. 2d 42, 44, 146 N. W. 2d 478, this court holding: ". . . the verdict is advisory only, and the court may properly refuse to accept the findings of the jury and make its own findings. . . . Since the court is the ultimate fact-finder in this action, it follows that, on review, the findings [*Note:* Reference is to the findings of the trial court not the jury] should not be set aside unless they are contrary to the great weight and clear preponderance of the evidence."

therefore not going to commence this action until such time as he got on his feet. . . ." As to matter of prejudice to the defendant due to delay, the trial court found the record barren of evidence of prejudice except for the fact the defendant had remarried. That remarriage occurred in June of 1973, and the trial court noted that, since the successor wife owned her own home, defendant's expenses "are going to be less than they were." The trial court additionally held that the fact of remarriage in itself is not sufficient to constitute a legal detriment to the defendant. As to these findings, and on this record, we would not reverse the trial court holding that the defendant failed to establish either the unreasonable delay or the prejudice to the defendant, both of which are required for an affirmative defense of laches.

However we would further hold that the defense of laches is not available in an action or proceeding brought to secure enforcement of a child-support order in a divorce action. It may be reasonable to expect that when child-support payments are not made, the custodian, entitled to receive such payments, will seek compliance with the child-support order. And if the right to receive such child-support payments has been assigned to a county welfare department, such department, providing support for such child, is entitled to seek enforcement of the court order.[7] If neither so proceed, the court, on its own motion, may set out to enforce its order or determine why it is not being complied with. However, if the court or custodian do not promptly proceed so to do, the person choosing not to make the child-support payments is not to profit or benefit thereby. If circumstances change so that he cannot make the payments ordered, it is his right and obligation to seek a modification of the child-support order. Not even an agreement between the custodian and the parent required to make

[7] Sec. 247.29 (2), Stats.

payments for the support of a child can accomplish either modification or termination of the court-ordered child-support payment.

The reason is that, just as a divorce in this state does not involve only the divorcing spouses, just so an order for child support does not involve only the parent required to make such payments and the custodian entitled to receive them. Under the statute such payments are made for the "support, maintenance and education of the minor children" of the parties.[8] In this state such children are "interested and affected parties" in the divorce action involving their parents.[9] The rights of such children are to be served and protected.[10] The judgment of divorce, as well as the child-support provisions it may contain, ". . . involves the public interest and the rights and welfare of the children of the divorcing parties."[11] Once the child support obligation terminates, the statute of limitations begins to run, but, then and earlier, the doctrine of laches does not apply.

While agreeing with the trial court that the defense of laches was not here established, we further hold that the defense of laches was not available to this defendant as to the court order directing him to make payments for the support and maintenance of his minor child. The judgment entered by the trial court is affirmed.

*By the Court.*—Judgment affirmed.

---

[8] Sec. 247.26, Stats.

[9] *Pfeifer v. Pfeifer* (1974), 62 Wis. 2d 417, 428, 215 N. W. 2d 419.

[10] *Lacey v. Lacey* (1970), 45 Wis. 2d 378, 388, 173 N. W. 2d 142, referring to the ". . . 'affirmative duty' of the court to protect the rights of such children." (Citing *Kritzik v. Kritzik* (1963), 21 Wis. 2d 442, 448, 124 N. W. 2d 581.)

[11] *Kurz v. Kurz* (1974), 62 Wis. 2d 677, 686, 215 N. W. 2d 555.